Plaintiff Julius Clarke
Plaintiff Christina Howlett
Mailing Address for the record
5495 NW 10th Ct. Suite 304
Plantation, FL 33313
1 305 834 1935

FILED BY _____ D.C.
MAR 17 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA, BROWARD DIVISION**

| | |
|---|---|
| Julius Clarke<br><br>and<br><br>Christina Howlett<br>                    Plaintiffs,<br><br>v.<br><br>Paypal Holdings Inc.<br>                    Defendant, | Civil Action No. _____<br><br>**COMPLAINT and**<br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiffs, Julius Clarke, a Trinidad and Tobago citizen, and Christina Howlett, a Canadian citizen (the "Plaintiffs") hereby sue the Defendant Paypal Holdings Inc., and further states as follows:

**JURISDICTION AND VENUE**

Jurisdiction is proper in this case as the US District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Jurisdiction is therefore proper under 28 U.S.C. § 1332.

1

Venue is proper in this District pursuant to 15 U.S.C. §§ 15(a), 22 and 28 U.S.C. §§ 1391(b), (c), and (d) because, during the relevant period, Defendant Paypal Inc., resided, transacted business, were found, or had agents in this District, and a substantial portion of their activity that affected the interstate trade and commerce discussed below has been carried out in this District. During the relevant period, Defendant sold and continues to sell debit cards and network services at local retailers such as Walgreens, CVS, Walmart, Publix, just to name a few, and further has continuous and uninterrupted flow of interstate commerce in this District since it is partnered with Mastercard. Subsequently, Defendants' conduct had direct, substantial, and reasonably foreseeable effects on Plaintiffs both in the United States and in Canada, through interstate commerce relations in both jurisdictions, including in this District.

This Court has *in personam* jurisdiction over Defendant because it, either directly or through the ownership and/or control of their subsidiaries, *inter alia*: (a) transacted business throughout the United States, including in this District; (b) participated in selling network services throughout the United States, including in this District; (c) had and maintained substantial aggregate contacts with the United States as a whole, including in this District; or (d) were engaged in conduct that was directed at, and had a direct, substantial, reasonably foreseeable and intended effect of causing injury to, the business or property of persons and entities residing in, located in, or doing business throughout the United States and Canada, including in this District. Defendant also conducts business throughout the United States and Canada, including in this District, and have purposefully availed themselves of the laws of the United States.

Venue is proper in this District pursuant to 15 U.S.C. §§ 15(a), 22 and 28 U.S.C. §§ 1391(b), (c), and (d) because, during the relevant period, Defendant resided, transacted business, were found, or had agents in this District,

## THE PARTIES

### PLAINTIFF(S)

Plaintiff, Julius Clarke is a an individual, who at all times preceding this action is a citizen of the Republic of Trinidad and Tobago and also a United States Permanent Resident presently residing at 5495 NW 10th Ct. Apt. 304 Plantation FL, 33313. Plaintiff is also the Managing Partner of Coastal State Solutions Inc, a Company registered under the laws of the State of Florida. Further, Plaintiff is also an Attorney at Law, licensed to practice law in the United Kingdom and in Trinidad and Tobago, the Plaintiff's native country.

The Plaintiff, Ms. Christina Howlett is the President of ENERGY ByDesign (EBD), an Energy Conservation, Renewable Energy and LED Lighting company, overseeing its four divisions, ByDesign Group Global, LED ByDesign (LBD), Solar ByDesign and Renewal Resources ByDesign, all of which are registered under the Laws of Ontario, Canada, having their registered place of business located at 2265 Uxbridge Pickering Townline Road, Claremont, ON, L1Y 1A1, Canada. The Claimant is a Professional Lighting Certified Designer, registered with the National Council on Qualifications for the Lighting Professions (NCQLP), a member of LEEDS Green Building Council and Certified by the Occupational Health and Safety Authority.

## THE DEFENDANT

Defendant, PayPal Holdings, Inc. is an American company operating a worldwide online payments system that supports online money transfers and serves as an electronic alternative to traditional paper methods like checks and money orders. The company operates as a payment processor for online vendors, auction sites, and many other commercial users, for which it charges a fee in exchange for benefits such as one-click transactions and password memory. Established in 1998 as Confinity, PayPal had its initial public offering in 2002. It became a wholly owned subsidiary of eBay later that year, valued at $1.5 billion.

## FACTUAL ALLEGATIONS

Plaintiff Julius Clarke, is a citizen of the Republic of Trinidad and Tobago, but resides at 5495 NW 10th Ct. Plantation FL, 33313 as a lawful US Permanent Resident.[1]

Plaintiff Julius Clarke is also a licensed Attorney in the Republic of Trinidad and Tobago and is lawfully authorized to draft and commence lawsuits in the Courts of the Republic of Trinidad and Tobago and in the United Kingdom[2].

Plaintiff Julius Clarke also holds a Master of Laws (LLM) Degree in International Law with a specialization in US and Transnational Law for Foreign Lawyers, from the University of Miami, School of Law, Class of 2015.

Plaintiff Julius Clarke, through the use of his knowledge, skills and expertise began extending his international legal and business consultation services to foreign clientele, under the business name Coastal State Solutions Inc.[3] Some of Plaintiff Julius Clarke's clientele require the

---

[1] A copy of Plaintiff's passport and permanent resident card is hereto attached as Exhibit (A)
[2] A copy of Plaintiff's Bachelor of Laws (LLB) degree is hereto attached as Exhibit B
[3] Coastal State Solutions Inc. Is a registered Florida Non-Profit Organization that provides International

3

commencement of lawsuits to be filed in the Republic of Trinidad and Tobago, where hr is lawfully admitted to practice law and file Complaints in the Courts of that jurisdiction.

In August 24 2020, Plaintiff Julius Clarke's client, Plaintiff, Ms. Christina Howlett, a Canadian citizen and CEO of LBD by Design, a Canadian Company, contracted Plaintiff Julius Clarke to draft a Complaint against a Trinidad and Tobago Corporation for Breach of Contract, to be filed in the High Court of Trinidad and Tobago, no later than August 31, 2020.

The amount of damages award for the High Court claim to be filed in Trinidad and Tobago, was an estimated $1,405,400.00 United States Dollars.[4]

On August 26th 2020, the Plaintiff Julius Clarke had completed the draft of the High Court action and submitted the draft for review to his client Plaintiff Christina Howlett, who agreed with the draft and also agreed to send the Canadian equivalent of $3,000 USD through paypal, which represented the filing fee for the High Court matter to be filed in Trinidad and Tobago by August 31 2020.

On August 27th 2020, Plaintiff' Christina Howlett, sent the Canadian equivalent of $3000 USD to Plaintiff after receiving Plaintiff Julius Clarke's paypal email request through his Company email (coastalstatesolutions@gmail.com)

On August 27th 2020, when Plaintiff Julius Clarke endeavored to send the $3,000 USD to his Company's PayPal business debit card account for further withdrawal, money order conversion, and overnight dispatch to the High Court of Trinidad and Tobago, Plaintiff Julius Clarke received a notice that his PayPal account was "limited" and that further documentation evidencing Plaintiff Julius Clarke's identity needed to be provided.

On August 28th 2020, Plaintiff Julius Ckarke provided copies of his passport, Florida Driver's License, proof of statements and answered all other identifying questions requested by the Defendant PayPal in the correct manner.

On August 28th 2020, after submitting the supporting evidence to Defendant, the Defendant's automated system sent Plaintiff Julius Clarke, a notification informing him that his documentation

---

Legal and Business Consultation to the International Community see website Coastalstatesolutions.com  (Fla Registration No. N0000005310 and EIN #
[4] The complaint itself is 30 pages long. Plaintiff submits the draft first page and damages portion of the Trinidad and Tobago High Court Complaint as Exhibit C

was being reviewed and that it would take the Defendant PayPal 3 to 5 business days to provide Plaintiff with an answer.

Meanwhile, the statute of limitations for the High Court matter to be filed in Trinidad and Tobago, which was the purpose of the $3,000 USD being sent, officially was to run its course on August 31, 2020.

On August 29th 2020, when Plaintiff Julius Clarke endeavored to contact the Defendant Paypal, his calls all went unanswered as he only received messages that "due to C0-VID, no agents would be available to answer any calls."

On August 29th 2020, Plaintiff Julius Clarke sent several messages to the Defendant Paypal's help message center indicating to the Defendant that "Time is of the Essence" in removing the block and clearing the $3,000 USD that was in his account; Plaintiff Julius Clarke reiterated that the $3000 USD was for use as a filing fee to file a Civil Court action overseas. Plaintiff Julius Clarke also informed the Defendant's help line through several messages that the Defendant was tortiously interfering with the business contract it had with his client, and that the Defendant Paypal was hindering the process of filing the lawsuit overseas, which damages award was $1,405,400 USD. Plaintiff Julius Clarke, states that given the strength of the case and the action for Breach of Contract, even if the matter had gone to settlement after filing, the client ( Plaintiff Christina Howlett) would have received a guaranteed and confirmed amount of $750,000 USD, with which 25% was agreed to be remitted to Plaintiff Julius Clarke, upon success and grant of said award at settlement.[5]

On August 30th 2020, approximately 1 day before the end of the statute of limitations period for the filing of the action in Trinidad and Tobago, Plaintiff Julius Clarke, contacted the Defendant Paypal again informing them that they were interfering with a time sensitive business relationship between him and his Canadian client. By this time, all previous messages concerning Plaintiff Julius Clarke's warning the Defendant had been deleted from the conversation by the Defendant Paypal.[6] The Defendant, rather than providing a reason for holding the funds due to Plaintiff, sent Plaintiff

---

[5] Plaintiff has statements from Senior Attorneys in the Republic of Trinidad and Tobago illustrating that the minimum damages award for this case had the case been settled after filing would be $750,000 USD, 25% of which was to paid to Plaintiff had the case at the very lease been filed.

[6] Plaintiff's registered agent and communications officer is a witness to the fact that the Defendant Paypal deleted the written conversations it had with the Plaintiff.

Julius Clarke a notification that he could no longer use Paypal and that only after 180 days, the Defendant would contact Plaintiff Julius Clarke about ways to receive the funds.[7]

On September 1st 2020, Plaintiff contacted the High Court of Trinidad and Tobago, seeking a Motion for Extension of Time to file the US $1, 405,400 USD damages award action for Breach of Contract. The High Court of Trinidad and Tobago denied Plaintiff's Motion on the grounds that the statute of limitations for the filing had ran its course on August 31st 2020 and that the client's intended court action, and her chances of being awarded the full amount of her damages was statutorily time barred, forever.

Notwithstanding the above, Plaintiff Julius Clarke informed his client (Plaintiff Christina Howlett) in Canada of the unfortunate news and she herself was also informed that the Defendant Paypal was refusing to refund her the $3,000 filing fee that was still locked and visible in Plaintiff Julius Clarke's paypal account.[8]

Plaintiffs state that "but for" the Defendant Paypal's tortious interference in arbitrarily withholding the release of the $3,000 USD that was to be further converted to serve as a filing fee for a High Court Action overseas, worth $1,405,400.00 USD in damages and $750,000 USD had the case been filed and gone to settlement, 25 % of which, in either case was supposed to have been given to Plaintiff Julius Clarke as an award for working the foreign case on a contingency arrangement. Plaintiff Julius Clarke, seeks damages from Defendant in the amount of $351,350.00 USD representing 25% of the total damages award of $1,405,400.00 USD that Plaintiff Julius Clarke would have received, had the matter been filed in a timely manner and settled.

In the event that this Court perceives the damages above as being too remote, Plaintiff Julius Clarke seeks damages in the amount of $187,500.00 USD, representing 25 % of $750,000 USD which represents the amount that he would have received had the case been timely filed in Trinidad and Tobago and had the case matriculated to an award of settlement.

Plaintiff Julius Clarke further seeks damages in the amount of $5000.00 USD for the loss of additional contracts that Plaintiff had experienced after the sudden limiting of his account and that of his other paypal business account that is linked to his paypal debit card.

Plaintiff Julius Clarke further seeks punitive damages against the Defendant Paypal Inc. In the amount of $10,000 to penalize Defendant for its actions in limiting Plaintiff's account without informing Plaintiff for its reasons in doing so.

---

[7] A screenshot of this Notice by the Defendant Paypal is hereto attached as Exhibit D
[8] A screenshot of the Plaintiff's paypal account screen summary is hereto attached a s Exhibit D

Notwithstanding the above request for damages, the Plaintiff Christina Howlett seeks damages in the amount of $1,054,050 USD representing the amount of damages that she would have won, but for the Defendant Paypal's tortous interference, in not timely releasing the filing fee.

In the event that this Court perceives the damages for Plaintiff Christina Howlett as being too remote, Plaintiff Christina Howlett seeks damages in the amount of $562,500 USD, representing the damages which the Plaintiff Christina Howlett would have received after the 25% deduction paid to her client ( Plaintiff Julius Clarke) had the case matriculated to an award of settlement after its supposed timely filing.

## CAUSES OF ACTION

### (1) Tortious Interference with Contract

Under Florida law, to state a claim for tortious interference with contract the claimant must plead four elements: (1) the existence of a business relationship under which plaintiff has legal rights, not necessarily evidenced by an enforceable contract; (2) proof of defendant's knowledge; (3) intentional and unjustified interference with relationship by defendant; and (4) damage to plaintiff as a result of interference. *Nautica Int'l. v. Intermarine USA, L.P.*, 5 F. Supp. 2d 1333, 1344 (S.D.Fla. 1998); *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 385 (Fla. 4th DCA 1999). Several Florida courts have addressed the standard for courts to use in determining if the required element of an advantageous business relationship has been properly pled. The test is whether the parties' understanding would have been completed if the defendant had not interfered. See *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994), citing *Charles Wallace Co. v. Alternative Copier Concepts, Inc.*, 583 So. 2d 396, 397 (Fla. 2d DCA 1991) (holding action for intentional interference with business expectancy will lie if the parties' understanding would have been completed if the defendant had not interfered); see also *United Yacht Brokers, Inc. v. Gillespie*, 377 So. 2d 668, 672 (Fla.1979) (holding question is not necessarily whether interference induced a breach of contract, but more generally, whether it caused a loss of gain plaintiff would have received absent the interference.)

### ARGUEMENT IN SUPPORT OF COMPLAINT

Plaintiff Julius Clarke states that

(1) There was the existence of a business relationship under which plaintiff had legal rights in the claim to 25% of the entire damages award ($1,405,400.00) or of its settlement ($750,000 USD) had the Defendant released the filing fee and the case was filed on time.

(2)     Plaintiff Julius Clarke, has evidence in his witness statement from his Communication's Officer who bore witness to the online communications between the Plaintiff Julius Clarke and the Defendant, Paypal, which communications informed and notified the Defendant that by limiting the account and withholding clearance of the $3,000 USD filing fee, the Defendant was interfering and jeopardizing the filing of an overseas court action guaranteed to be of success had the filing been made in the High Court of Trinidad and Tobago by August 31, 2020., which communications the Defendant Paypal had later deleted from its help line.

(3)     that the Defendant's actions were an intentional and unjustified interference since the Defendant had received all the documentation and information that it had requested to confirm Plaintiff Julius

Clarke's identity, in a timely manner, and

(4)     There was considerable damage to the Plaintiff Julius Clarke, as a result of the Defendant's interference. Because of the Defendant Paypal, Plaintiff Julius Clarke was obstructed from filing the High Court matter in Trinidad and Tobago before end of the statute of limitations period, further eliminating the chance of Plaintiff receiving 25% of the damages or settlement award that his client, Plaintiff Christina Howlett, would have received.

Plaintiff Christina Howlett states that

(1)     There was the existence of a business relationship under which she had legal rights in the claim of the entire damages award ($1,405,400.00 USD) or its settlement ($750,000 USD) after timely filing, (minus the 25 % that Plaintiff Julius Clarke would have received).

(2)     She has evidence in Plaintiff Clarke's witness statement who witnessed the messages between the Plaintiff Julius Clarke and the Defendant, Paypal, which communications informed and notified the Defendant that by limiting Plaintiff's paypal account and withholding clearance of the $3,000 USD filing fee, the Defendant Paypal was interfering and jeopardizing the filing of an overseas court action guaranteed to be of success had the filing been timely filed in the High Court of Trinidad and Tobago by August 31, 2020.; these messages, the Defendant Paypal had later deleted from its messaging help line.

(3)     the Defendant's actions were an intentional and unjustified interference since the Defendant had received all the documentation and information that it had requested to confirm Plaintiff Julius Clarke's identity, in a timely manner, and

(4)     There was considerable damage to the Plaintiff Christina Howlett as a result of the Defendant's interference in the Plaintiff not being obstructed from filing the High Court matter in Trinidad and Tobago before the end of the statute of limitations period, further eliminating the

chance of Plaintiff Christina Howlett, receiving the full damages award or settlement award (minus the 25% of the total award she would have given Plaintiff Julius Clarke.

(5) Notwithstanding the above, Plaintiffs state that they have attempted on four (4) occasions to meet and confer with the Defendant PayPal Holdings Inc, through its appointed counsel however these teleconferences produced no results. The Defendant PayPal has made several assertions that the Plaintiffs, through PayPal's user agreement, agreed to settlement of any disputes through the Arbitration process and not through litigation.

(6) Plaintiffs state that PayPal's user agreement has been updated several times and in the wake of Co-Vid and PayPal's agents not answering their phones, the user agreement between PayPal Inc and it's users including Plaintiffs' became "frustrated in purpose" for want of a more fitting phrase.

(7) Plaintiff Christina Howlett states that she is not a citizen of the United States of America and the PayPal's user agreement with its forced arbitration clause does not effectually apply to her

(8) Plaintiffs further state that assuming *arguendo* that the Defendant PayPal's Arbitration Clause did apply to the Plaintiffs, the fairly recent Forced Arbitration Injustice Repeal Act of 2019, also known as The FAIR ACT, aims to prohibit pre-dispute, forced arbitration agreements from being valid or enforceable if it requires forced arbitration of an employment, consumer, or civil rights claim against a corporation.[9]

(9) Plaintiffs therefore asks this Court to prevent the Defendant PayPal Inc. from attempting to delimit Plaintiffs allegations in this Complaint by compelling forced arbitration

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

For Plaintiff Julius Clarke

A. Damages from Defendant in the amount of **$351,350.00 USD** representing 25% of the total damages award of $1,405,400.00 USD that Plaintiff would have received had the matter been filed in a timely manner.

B. In the event that this Court perceives the damages above as too remote, Plaintiff Julius Clarke seeks damages in the amount of **$187,500.00 USD**, representing 25 % of $750,000 USD which sum represents the amount that Plaintiff would have received had the case been timely filed in Trinidad and Tobago and had the case matriculated to an award of settlement.

---

[9] Plaintiff states that while this Bill might not yet be enacted at the time of filing that the spirit of the Act be considered in denying any attempt by PayPal to force arbitration proceedings on the Defendant.

C. Plaintiff Julius Clarke further seeks damages in the amount of **$5000.00 USD** for the loss of additional contracts that Plaintiff had experienced after the sudden limiting of Plaintiff's paypal account and his other paypal business account that is linked to Plaintiff's paypal debit card.

D. Plaintiff Julius Clarke further seeks punitive damages against the Defendant Paypal Inc. In the amount of **$10,000 USD** to penalize Plaintiff for its actions in limiting Plaintiff's account without informing Plaintiff for its reasons in doing so.

For the Plaintiff Christina Howlett

A. Damages in the amount of **$1,054,050.00 USD** representing the amount of damages that she would have won, minus 25%, but for the Defendant Paypal's tortious interference in blocking the timely filing of the case.

B. In the event that this Court perceives the damages for Plaintiff Christina Howlett as too remote, Plaintiff Christina Howlett seeks damages in the amount of **$562,500 USD**, representing the damages which the Plaintiff Christina Howlett would have received after the 25% deduction paid to Plaintiff Julius Clarke on contingency arrangement, had the case matriculated to an award of settlement of $750,000 USD after its timely filing.

C. Plaintiff Christina Howlett further seeks punitive damages against the Defendant Paypal Inc. In the amount of **$10,000 USD** to penalize Defendant for its actions in limiting Plaintiff's account without informing Plaintiff for its reasons in doing so. Both Plaintiffs further seek Court Costs and litigation expenses.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues so triable.

Dated: March 10, 2021

Respectfully submitted,

s/ *Julius Clarke*
Julius Clarke
Plaintiff, pro se

s/ *Chritina Howlett*
Christina Howlett
Plaintiff, pro se

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF FLORIDA, BROWARD DIVISION

Julius Clarke

and

Christina Howlett
       Plaintiffs,

v.

Paypal Holdings Inc.
       Defendant,

I, JULIUS CLARKE, Plaintiff *pro se*, do hereby certify that on this 11th day of March 2021 I served a copy of the foregoing on the opposing side by mailing/hand delivering a copy thereof to the person(s) below:

PAYPAL

2211 NORTH FIRST STREET

SAN JOSE CALIFORNIA

95131

Signature _____

Date: 3/11/2021

11

JONAS CLARKE
5495 NW 10th Ct. 304
PLANTATION, FL 33313

CLERK OF THE COURT
US DISTRICT COURT, SOUTHERN DI
US FEDERAL BUILDI
AND COURT HOUSE
299 EAST BROWARD
BLVD #108
FT. LAUDERDALE
FLORIDA 33301