UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-60601-GAYLES

JULIUS CLARKE AND CHRISTINA
HOWLETT,

       Plaintiff,

v.

PAYPAL HOLDINGS INC.,

       Defendant,
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiffs Julius Clarke ("Clarke") and Christina Howlett ("Howlett"), appearing *pro se*, filed this action on March 17, 2021 [ECF No. 1]. Clarke also filed a Motion for Leave to Proceed *in Forma Pauperis* on behalf of himself and Howlett [ECF No. 3].[1] Because Clarke has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba*

---

[1] A district court "may authorize the commencement ... of any suit ... without prepayment of fees ... by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). Here, Clarke has filed an affidavit attesting to his finances. [ECF No. 3]. The Court has not received an affidavit from Howett attesting to her resources or ability to pay the Court's filing fee. In the event Plaintiffs seek to amend their complaint and proceed *in forma pauperis*, both must file the requisite affidavits under 28 U.S.C. § 1915.

*v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Additionally, Rule 10(b) of the Federal Rules of Civil Procedure requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *T.D.S. Inc. v. Shelby Mutual Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting).

In their Complaint, Plaintiffs allege that Howlett hired Clarke to draft a complaint to be filed in the High Court in Trinidad and Tobago (the "Trinidad Court"). Howlett sent Clark $3000 via Defendant's payment processing service for the Trinidad Court's filing fee. Plaintiffs contend that Defendant failed to timely release the $3000 to Clarke and, as a result, Plaintiffs were unable to file the complaint in the Trinidad Court before the expiration of the applicable statute of limitations. Plaintiffs allege that "but for" Defendant's withholding the $3000, Howlett could have recovered $1,405,400 in the Trinidad Court proceeding of which Clark would have received $351,350 in attorney's fees. Plaintiffs assert one count for Tortious Interference with Contract.

Plaintiffs' Complaint is twelve pages in length and, aside from a short list of nonsequential numbers on pages seven through nine, contains no numbered paragraphs. As a result, the Complaint must be stricken for failure to comply with the pleading requirements of Rule 10 of the Federal Rules of Civil Procedure.

Even if Plaintiffs had complied with Rule 10, the Complaint fails to state a claim. "The elements of tortious interference with a business relationship are '(1) the existence of a business relationship ... (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.'" *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So.2d 812, 814 (Fla.1994) (quoting *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985)).[2] A plaintiff may allege "tortious interference with present or prospective customers but no cause of action exists for tortious interference with a business's relationship to the community at large." *Id.* at 815. "As a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *Id.*

Here, Plaintiffs appear to allege that the "business relationship" in which they had a legal right was the potential lawsuit in Trinidad. However, this potential lawsuit is not a business relationship and, even if could be construed as one, it is far too speculative to assume that Plaintiffs would have recovered any or part of the alleged damages award. *Id.* (holding that a plaintiff "may not recover, in a tortious interference with a business relationship tort action, damages where the relationship is based on speculation . . . ."). Indeed, Plaintiffs have not and cannot allege that "in

---

2   Plaintiffs label the sole count of their Complaint "Tortious Interference with Contract" but go on to cite caselaw referencing and the elements for Tortious Interference of Business Relations.

all probability" they would have prevailed in or settled the lawsuit they intended to file in Trinidad. Accordingly, Plaintiffs complaint shall be dismissed without prejudice for failure to state a claim.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice**. This action is **CLOSED** for administrative purposes and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of April, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE